CV11-3808

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

BRIAN MCTIGUE,

                Plaintiff,

      -against-

STELLAR RECOVERY, INC.

               Defendant.
-----------------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

AUG 08 2011

BROOKLYN OFFICE

Civil Action No.:

VITALIANO, J.  **COMPLAINT**

**DEMAND FOR JURY TRIAL**

GO, M.J. SUMMONS ISSUED

        Plaintiff BRIAN MCTIGUE ("Plaintiff"), by and through his attorneys, LAW OFFICES

OF ALLISON POLESKY, P.C., as and for his Complaint against the Defendant STELLAR

RECOVERY, INC. ("Defendant" or "STELLAR"), respectfully sets forth, complains and

alleges, upon information and belief, the following:

### PRELIMINARY STATEMENT

      1.     Plaintiff brings this action on his own behalf for damages and declaratory and

injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the

United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA")

and New York General Business Law §349.

### PARTIES

      2.     Plaintiff is a resident of the State of New York, residing at 3634 215th St.,

Bayside, NY 11361-2126.

      3.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

4.     Defendant STELLAR is a Montana company engaged in business of collecting debts with its principal place of business located at 1327 Highway 2 W., Suite 100, Kalispell, MT 59901.

5.     STELLAR is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

### JURISDICTION AND VENUE

6.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201.

7.     The Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

### FACTUAL ALLEGATIONS

9.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10.     At some time prior to September 2010, Plaintiff incurred a financial obligation with HSBC BANK USA N.A ("the alleged debt").

11.     The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

12.     In or about August or September 2010, HSBC, either directly or through intermediate transactions assigned, placed, transferred, or sold the alleged debt to STELLAR for collection.

13.     On or about September 2, 2010, STELLAR began their attempt at collecting the alleged debt from the Plaintiff by placing a telephone call to Plaintiff.

14.     Defendant failed to give Plaintiff the required disclosures by identifying themselves as a debt collector, that they were attempting to collect a debt, and that any information would be used for that purpose thereby violating 15 U.S.C. §1692e(11).

15.     Defendant further violated 15 U.S.C. §1692e – preface and (10) by using a deceptive and misleading means and representation by not providing the required warnings under 15 U.S.C. §1692e(11).

16.     Defendant violated 15 U.S.C. §1692d-preface and (6) by failing to provide meaningful disclosure of the caller's identity to Plaintiff when the Defendant communicated with Plaintiff without identifying the purpose of the call and disclosing to Plaintiff the Defendant's identity as a debt collector calling in reference to a debt collection and that any information obtained will be used for that purpose.

17.     Plaintiff requested from Defendant additional information on the alleged debt, including but not limited to a written notice containing the amount of the alleged debt and the name of the creditor to whom the debt is owed.

18.     Defendant refused to supply this information.

19.     Defendant failed to notify Plaintiff of his rights under state and federal law by written correspondence in its initial communication or within five (5) days of the initial communication in violation of 15 U.S.C. §1692g.

20.     Defendant demanded a balance due and owing of over $14,000.

21.     Defendant violated 15 U.S.C. §1692e-preface, (2), and (10) and §1692f-preface and (1) by using an unfair and unconscionable means to collect a debt by attempting to collect an "amount due" not expressly authorized by the agreement creating the debt or permitted by law.

Further, Defendant failed to disclose to Plaintiff "the amount of the debt", interest, fees, and other charges as further required by §1692g.

22.     On or about September 27, 2010, Defendant continued their attempt at collecting the alleged debt from the Plaintiff by placing another telephone call to Plaintiff from 866-860-9153.

23.     Defendant again failed to give Plaintiff the required disclosures by identifying themselves as a debt collector, that they were attempting to collect a debt, and that any information would be used for that purpose thereby violating 15 U.S.C. §1692e(11).

24.     Defendant further violated 15 U.S.C. §1692e – preface and (10) by using a deceptive and misleading means and representation by not providing the required warnings under 15 U.S.C. §1692e(11).

25.     Defendant again violated 15 U.S.C. §1692d-preface and (6) by failing to provide meaningful disclosure of the caller's identity to Plaintiff when the Defendant communicated with Plaintiff without identifying the purpose of the call and disclosing to Plaintiff the Defendant's identity as a debt collector calling in reference to a debt collection and that any information obtained will be used for that purpose.

26.     Plaintiff again requested from Defendant additional information on the alleged debt, including but not limited to a written notice containing the amount of the alleged debt and the name of the creditor to whom the debt is owed.

27.     Defendant again made excuses as to why STELLAR will not supply this information and refused to do so.

28.     Defendant's conduct of refusing to comply with § 1692g written notice requirement deprives and has deprived Plaintiff of his right and ability to request debt validation and verification and/or to dispute the validity of the alleged debt in accordance with the FDCPA.

29.     Defendant's conduct of placing telephone calls to Plaintiff for the purposes of attempting to collect the alleged debt while refusing to comply with § 1692g written notice requirement and Plaintiff's requests for additional information constitutes harassment and abuse in violation of 15 U.S.C. §1692d-preface and (5).

30.     Defendant is abusive and harassing in violation of 15 U.S.C. §1692d-preface

31.     Defendant is deceptive and misleading in violation of 15 U.S.C. §1692e-preface, (2), and (10).

32.     Defendant is unfair and unconscionable in violation of 15 U.S.C. §1692f-preface.

33.     Plaintiff suffered and continues to suffer from great personal humiliation, embarrassment, mental anguish, stress, and emotional distress as a result of Defendant's harassment and actions.

34.     Defendant violated the FDCPA.

35.     Defendant violated the NYS General Business Law §349.

36.     Therefore due to Defendant's gross violations of the FDCPA the Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

37.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "36" herein with the same force and effect as if the same were set forth at length herein.

38.     Defendant's debt collection attempts attempted and/or directed towards the

Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

    a.      15 U.S.C. §1692d-preface, (5), and (6).

    b.      15 U.S.C. §1692e-preface, (2), (5), (10), and (11).

    c.      15 U.S.C. §1692f-preface, (1), and (5).

    d.      15 U.S.C. §1692g.

39.     As a result of defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
## NEW YORK STATE GENERAL BUSINESS LAW §349

40.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

41.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a.      The Defendant violated NYS Gen. Bus. Law §349(a).

42.     As a result of Defendant's above violations of the New York General Business Law, the Plaintiff has been damaged and is entitled to damages in accordance with the New York General Business Law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff BRIAN MCTIGUE demands judgment from the Defendant STELLAR RECOVERY, INC as follows:

    A.      For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1); and General Business Law

    B.      For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(A);

and General Business Law

        C.      For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(B);

        D.      For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3); and General Business Law

        E.      A declaration that the Defendant's practices violated the FDCPA and General Business Law

        F.      For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff BRIAN MCTIGUE hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to a jury trial.

Dated:      August 4, 2011

Respectfully submitted,

By: _____

Allison Polesky, Esq. (AP5446)
LAW OFFICES OF ALLISON POLESKY, P.C.
511 Avenue of the Americas, Suite 712
New York, New York 10011
Phone:    (866) 479-9500
Facsimile: (866) 688-4300
Attorney for Plaintiff BRIAN MCTIGUE